Filed 10/21/21 P. v. Powell CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>CORNELIUS POWELL,<br><br>        Defendant and Appellant. | B311215<br><br>(Los Angeles County<br>Super. Ct. No. NA011979-05) |

THE COURT:

Cornelius Powell (defendant) appeals the trial court's denial of his motion for relief under Penal Code section 1170.95.[1] Defendant's attorney filed a brief raising no issues and asked this

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

court to independently review the record. On August 12, 2021, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered. That time has elapsed, and defendant has submitted no brief or letter.

We conclude that the trial court did not err in denying the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Facts[2]

#### A. *The underlying crime*

One early evening in August 1991, defendant, his brother, and two other men (Peter and Earl Holloway) pushed their way into an apartment occupied by William Morris with whom the brother had an ongoing feud. Defendant was armed with a .25 semiautomatic caliber handgun, while Peter Holloway was armed with a TEC-9 automatic weapon. The four men severely beat Morris by kicking and pistol-whipping him, and defendant struck Morris's girlfriend with his gun when she tried to leave; he also took some jewelry from her purse. Peter Holloway stated the victims would have to be killed. Defendant, his brother, and Peter Holloway drove Morris to an oil field near Long Beach. Earl Holloway took the girlfriend away in a separate car. Morris's dead body was discovered the following day; he had been shot 17 times in the face, chest, head, back, and forearm. Casings from .25 millimeter and .9 millimeter automatic weapons were found by the body.

---

[2]     We largely draw these facts from our prior opinion affirming defendant's conviction. (*People v. Holloway* (Dec. 12, 1996, B083011) [nonpub. opn.].)

**B.** *Conviction and appeal*

In the operative complaint, the People charged defendant with first degree murder (§ 187, subd. (a)), assault with a firearm (§ 245, subd. (a)(2)), two counts of kidnapping (§ 207, subd. (a)), and robbery (§ 211). As to the murder count, the People alleged that defendant personally used a firearm (§ 12022.5, subd. (a)), and further alleged as to all counts that defendant was armed with a firearm (§ 12022, subd. (a)(1)).

With respect to the murder charges, the trial court instructed the jury on the theories that defendant (1) committed the killing himself (that is, he "directly and actively []commit[ted] . . . the act constituting the crime") (CALJIC No. 3.00); and (2) directly aided and abetted the actual killer (CALJIC No. 3.01). The jury was also instructed on murder, malice, and what is required to find first degree willful, deliberate, and premediated murder. The jurors also received CALJIC No. 3.02, regarding liability as an aider and abettor under the natural and probable consequences doctrine, but the court specifically designated this instruction as applicable only to Earl Holloway and another defendant, neither of whom were present at the murder. The prosecutor argued to the jury: "Who are the shooters? The People submit it is [Peter Holloway] and [defendant]" and also "the evidence would show that [Peter Holloway] and [defendant] are the shooters." In rebuttal, the prosecutor argued that defendant's own statement to the police, which was admitted into evidence, "was an admission . . . shows he is guilty. He is one of the shooters."

The jury convicted defendant on all charges and found true the allegation of personal use of a firearm during the commission

3

of those offenses.[3] The trial court sentenced defendant to state prison for 39 years and eight months to life—which included 25 years to life for the murder conviction. Defendant appealed, and we affirmed his conviction and sentence in an unpublished opinion.

## II. Procedural Background

On September 27, 2019, defendant filed a petition seeking resentencing under section 1170.95. In the form petition, defendant checked the boxes for the allegations that (1) the prosecution proceeded "under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he was "convicted of 1st . . . degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine" and (3) he "could not now be convicted of 1st . . . degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." He also requested counsel. The trial court appointed counsel to represent defendant and set a briefing schedule, but did not set the matter for hearing.

On September 9, 2020, the People filed an opposition to the petition, and also provided the court and defendant with this court's opinion in B083011 and a disk containing the clerk's and reporter's transcripts from the underlying trial. The People argued "defendant was not convicted under the felony-murder

---

[3]    There were two jury trials. At the first trial, defendant, his brother, and the Holloways were found guilty of assault with a firearm and two counts of kidnapping, with true findings on the armed and use firearm allegations. Following the second trial, Elmer Powell and the Holloways were also found guilty of murder and robbery, with true findings on the armed and use firearm allegations.

4

rule or under the natural and probable consequences doctrine," but was convicted "as a direct participant in the murder." That same day, the court held a telephonic conference to discuss a potential hearing date. Defendant, represented by counsel, requested 60 days, and stated he would file a reply to the People's opposition.[4]

On January 12, 2021, the court held a telephonic hearing. Defendant was not present but was represented by counsel. At the outset of the hearing the court indicated that it had "read everything" and was inclined to summarily deny the petition because the case did not involve felony murder or the natural and probable consequences doctrine. The court invited argument from counsel. Defense counsel stated he did not disagree with the court's assessment. The court proceeded to outline why denial was appropriate: (1) the natural and probable consequence instruction given "was specifically designated for [two other defendants]"; (2) the prosecutor "did not argue a felony murder theory of murder as to [defendant], nor did [the prosecutor] argue a natural and probable consequence theory of murder as to . . . defendant"; and (3) the prosecutor did argue defendant "was guilty because he aided and abetted the murder" or "was the actual shooter or killer of the victim." The court concluded "the defendant is not entitled to relief as a matter of law" and denied the petition.[5]

On February 26, 2021, defendant filed a timely notice of

---

[4]    Defense counsel failed to file a response.

[5]    Although the trial court stated "[i]t's a summary denial," it was not, because the court appointed counsel and entertained briefing.

5

appeal.[6]

## DISCUSSION

Defendant's appointed counsel filed an "opening brief" in which no arguable issues are raised, and asked this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Because defendant appeals from an order denying postconviction relief and because defendant did not avail himself of the right to file a supplemental brief, we may properly dismiss this appeal as abandoned.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278.)  However, because the Supreme Court has granted review of *Cole* and is also reviewing the question of what procedures this court must follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit (*People v. Delgadillo*, review granted Feb. 17, 2021, S266305), we will accept counsel's invitation to conduct a *Wende* review of defendant's appeal in an abundance of caution rather than dismiss the appeal as abandoned.

A person is entitled to relief under section 1170.95 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of first degree . . . murder," and (3) he "could not be convicted of first . . . degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)  In January 2019, our Legislature amended section 188 to provide that "in

---

[6]    On February 1, 2021, defendant filed a second petition for resentencing within the meaning of section 1170.95.  That petition was summarily denied on February 8, 2021.

order to be convicted of murder, a principal in a crime shall act with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime." (§ 188, subd. (a)(3).) Our Legislature's purpose was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1(g).)

In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), our Supreme Court held that a person seeking relief under section 1170.95 is entitled to the appointment of counsel (if requested) upon the filing of a facially sufficient petition. (*Lewis*, at p. 957.) If the defendant in his petition "makes a prima facie showing that he . . . is entitled to relief" under that section, the trial court "must hold a hearing 'to determine whether to vacate [his] murder conviction'" and to resentence him on any remaining counts. (*Id*. at pp. 957, 960, citing § 1170.95, subds. (c) & (d).) The *Lewis* court held that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (*Lewis*, at pp. 970-971.) The court nonetheless concluded that the deprivation of a petitioner's right to counsel under subdivision (c) of section 1170.95 is state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818. (*Id*. at pp. 957-958, 973-974.) On appeal, a petitioner "'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Id*. at p. 974.)

7

Here, the trial court correctly concluded that defendant did not make out a prima facie case for relief because the record of conviction establishes, as a matter of law, that he is not eligible for relief. A defendant is ineligible for relief under section 1170.95 as a matter of law where "the jury was not instructed on a natural and probable consequences or felony-murder theory of liability." (*People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5, review granted July 22, 2020, S262835.) The trial court did not instruct the jury on either theory with respect to defendant, and he is hence ineligible for relief under section 1170.95.

Having conducted our own examination of the record, we are satisfied that no arguable issue exists that would call into question defendant's ineligibility for resentencing relief under section 1170.95.

## DISPOSITION

The trial court's order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____

LUI , P. J.,     ASHMANN-GERST, J.,     HOFFSTADT, J.

8